**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARVINDER SINGH SANGHA, | No. 06-74226 |
| Petitioner, | Agency No. A075-309-909 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Harvinder Singh Sangha, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding the timing and circumstances of Sangha's second arrest in 1995, *see id*. at 741-42, and because he changed his testimony when confronted with these inconsistencies, *see Wang v. INS*, 352 F.3d 1250, 1256-57 (9th Cir. 2003). In addition, Sangha's failure to provide evidence corroborating his claim supports the agency's adverse credibility determination. *See Chebchoub v. INS*, 257 F.3d 1038, 1044-45 (9th Cir. 2003). In the absence of credible testimony, Sangha's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Sangha's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence that shows it is more likely than not he will be tortured in India, his CAT claim fails. *See id*. at 1156-57.

We lack jurisdiction to review Sangha's claim based on his I-130 visa petition, because he failed to exhaust the issue before the BIA. *See Barron v.*

06-74226

*Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**